MARSHALL, Estate of, In re.

VON SCHMIDT, Executrix-Appellant, v. MARSHALL, Appellee.

No. 3871. Decided February 16, 1946.

R. W. Kilbourne, Columbus, for Mary M. Von Schmidt, Executrix-Appellant.

J. Paul McNamara and H. E. Gingher, Columbus, for John L. Marshall, Appellee.

OPINION

By HORNBECK, P. J.

The appeal is on questions of law from a judgment of the Probate Court of September 7, 1945.

Four errors are assigned, the first of which is, the judgment is not sustained by sufficient evidence and the fourth,

that the Court erred in the admission of irrelevant and immaterial evidence. As there is no bill of exceptions, the fourth assignment may not be considered and as there is no bill or agreed statement of facts or findings of fact the first assignment may not be reached.

The second and third assignments may be encompassed in the general claim that the judgment is contrary to law.

The appeal is directed to an order following the confirmation, in all particulars but one, of the report of a Special Master Commissioner named by the Probate Court upon objections and exceptions filed to the amended first and amended second accounts of appellant, Mary M. Von Schmidt, Executrix of the Estate of Alma F. Marshall, deceased. The order fixed the amount of compensation for the executrix at one-half of the statutory fee, the sum of $1557.22. Her application for extraordinary compensation was denied as was her application for an order allowing additional attorney's fees.

The errors are directed particularly to the refusal of the Court to allow the executrix her full statutory fee together with her extraordinary compensation and further compensation for her attorney, the sum allowed to her attorney having been $1200.00.

The brief of appellant evidently was prepared upon the theory that this Court would have the advantage of the factual development upon which the master predicated his findings and report, and the Judge, his order. This is not available. It is urged, that the exceptions which were sustained to the accounts of the executrix involved transactions which were conducted in good faith and would not support a determination by the Probate Judge that the executrix had not faithfully discharged her duties as such executrix and further, that the Court did not so find.

It is true that the journal entry to which the assigned errors are directed makes no specific finding of any unfaithfulness by the executrix in the discharge of her duties which is the sole basis upon which the Court could have refused to allow her any compensation or to reduce her compensation as the Court thought proper. §10509-192 GC.

We may not resort to the opinion of the trial judge if it is at variance with any inference necessary to sustain the entry journalizing the opinion. It must be presumed that the journal entry, as filed, is lawful and that the Court had sufficient factual development to support it. The order followed a confirmation of the report of the Master Commis-

sioner who found the executrix should restate her accounts and determined that many of her credits were improperly claimed. These findings together with the evidence on which they were based were available to the Probate Judge and upon them he made the determination that the fee of the executrix should be limited to one-half of the amount fixed by statute. We presume, in the absence of testimony from which we might conclude that the Court erred in factual determination, that there is support for the invoking of the applicable provisions of §10503-193 GC, which preclude, in the discretion of the Probate Judge, full allowance to the executrix by way of ordinary compensation and any award for extraordinary services. 23 O. Jur., 1362, 3, 4 and 5.

It is also urged that the amount of the statutory fee is not one-half of the sum to which the executrix is justly entitled. No statement of the total sum involved upon which computation of executrix's fee should be calculated is set forth in the briefs and we have insufficient data before us to determine that the amount as carried into the entry is incorrect. If, inadvertently, there has been an error in computation of the amount of the one-half to which the Court found the executrix entitled, it may even yet be corrected by the Probate Judge.

Finally, it is claimed that the executrix should have been authorized to pay her attorney extra compensation. **Sec. 10509-193 GC,** provides:

"When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration."

The Court allowed and confirmed the payment to counsel for the executrix the sum of $1200.00 and refused any further compensation. We do not have before us any sufficient fact to overcome the manifest determination of the trial judge that the sum paid to the attorney was reasonable and sufficient under the statute. We have not discussed the many cases cited by counsel for appellant in his carefully prepared brief because we do not have available the probative facts to make them germane to the questions sought to be raised.

Judgment affirmed.

WISEMAN and MILLER, JJ., concur.